IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICKY KHILLING                                                                                    PLAINTIFF

vs.                                         Civil No. 2:14-cv-02149

CAROLYN COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Ricky Khilling ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Holmes, III, referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1.      Background:**

Plaintiff's application for DIB was filed on December 21, 2011. (Tr. 15, 106-107). Plaintiff alleged he was disabled due to seizure disorder. (Tr. 134). Plaintiff alleged an onset date of November 26, 2010. (Tr. 15, 106). This application was denied initially and again upon reconsideration. (Tr. 15). Thereafter, Plaintiff requested an administrative hearing on his application and this hearing request was granted. (Tr. 72-73).

Plaintiff had an administrative hearing on December 19, 2012. (Tr. 29-56). Plaintiff was present and was represented by non-attorney counsel at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Larry Seifert testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 35).

On February 1, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 15-24). In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 17, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since the alleged onset date. (Tr. 17, Finding 2).

The ALJ determined Plaintiff had the severe impairments of gout and major motor seizure disorder. (Tr. 17, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 18-23). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* The ALJ also found Plaintiff retained the RFC to perform light work except cannot be exposed to heights or dangerous machinery and cannot operate motor vehicles. (Tr. 18, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 23, Finding 6). The ALJ found Plaintiff was unable to perform his PRW as a maintenance mechanic. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy

Plaintiff could perform. (Tr. 23, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a general office clerk with 4,490 such jobs in Arkansas and 593,158 such jobs in the nation, and front desk clerk with 1,243 such jobs in Arkansas and 147,188 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since November 26, 2010. (Tr. 24, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 9). *See* 20 C.F.R. § 404.968. On June 3, 2014, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On July 3, 2014, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

4

analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in failing to fully develop the record, (B) in failing to properly consider Plaintiff's complaints of pain, and (C) in the RFC determination. ECF No. 10, Pgs. 8-14. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11.

**A. Duty to Develop Record**

Plaintiff claims the ALJ failed to fully and fairly develop the record. ECF No. 10, Pg. 8-9. Plaintiff specifically claims the ALJ should have contacted the treating physician with any questions he had in order to properly develop the record. *Id.*

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

As previously mentioned, Plaintiff argues the ALJ should have sought clarification regarding

the severity of Plaintiff's impairments from Plaintiff's physicians, and as a result of not doing so, the ALJ failed in his duty to properly develop the record. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of her limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

Plaintiff specifically argues the ALJ erred because he did not contact Dr. Janice Keating to seek clarification regarding the severity of Plaintiff's impairments. However, the ALJ was not required to seek clarification regarding the severity of Plaintiff's impairments from his treating physicians, including Dr. Keating, because there were no crucial issues undeveloped in the record.

To begin with, although the duty to fully develop the record may include re-contacting a treating physician for clarification of an opinion, that duty arises only if a crucial issue is undeveloped. *See Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005). Plaintiff fails to even allege a crucial issue regarding Dr. Keating's seizure report, or any other alleged impairment, and fails to prove there was a crucial issue not developed in the record.

Additionally, there is nothing which establishes the record was inadequate for the ALJ to make his decision. The medical record included treating physician records, clinic records, emergency room records, a function report, an independent medical evaluation, diagnostic evaluations, case analysis, and a physical RFC assessment. (Tr. 168-176, 199-379). The medical record establishes Plaintiff's seizures were controlled with medication, evaluations were

unremarkable, and treating physicians did not place restrictions on Plaintiff's activities that would preclude all work activity. (Tr. 232-233, 265, 268, 338-340, 354-358).

Plaintiff has failed to demonstrate the record was not fully developed and that he was prejudiced by any failure to develop the record. I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

### B. ALJ's Credibility Determination

Plaintiff claims the ALJ erred in his credibility determination. ECF No. 10. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 11.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing his credibility as it related to the limiting effects of his impairments and did not fully consider his subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In the opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 18-23). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) Medication side effects were mild, (4) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (5) Physicians prescribed conservative treatment, and (6) diagnostic evaluations were unremarkable.

*Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

### C. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work except cannot be exposed to heights or dangerous machinery and cannot operate motor vehicles. (Tr. 18,

Finding 5). Plaintiff argues the ALJ erred in this RFC determination because it was not supported by the medical evidence. ECF No. 10, Pg. 12-14. As mentioned, Plaintiff has the burden of producing documents and evidence to support his claimed RFC. However, the medical evidence demonstrates Plaintiff's diagnostic evaluations were unremarkable, seizures were controlled with medication, physical examinations were normal, and treating physicians did not place restrictions on Plaintiff that would preclude all work.

On November 26, 2010, Plaintiff was seen at St. Edward Mercy Medical Center with complaints of a seizure. (Tr. 204-218). A computerized tomography (CT) scan of his head was normal. (Tr. 212). Plaintiff's neurological and psychiatric examinations were also normal. (Tr. 207). Plaintiff's was diagnosed with generalized seizure, advised him not to drive or operate machinery until cleared by a neurologist, and referred for a follow up visit with Dr. Janice Keating. (Tr. 200, 204).

On December 6, 2010, Plaintiff was seen by Dr. Keating. (Tr. 235-238). Plaintiff reported a prior seizure episode, with a significant gastrointestinal bug with severe nausea, vomiting, and diarrhea. (Tr. 235). Plaintiff also reported heavy drinking at about ten or twelve beers per day. *Id.* Plaintiff's neurological, motor, sensory, and cerebellar examinations were all normal. (Tr. 236-237). Dr. Keating found Plaintiff's possible provoking factors for the seizure included alcohol withdrawal and electrolyte abnormality, as well as some sleep deprivation. (Tr. 238). Dr. Keating recommended Plaintiff not drive, operate heavy machinery, or work at heights. *Id.*

Plaintiff returned to see Dr. Keating on January 6, 2011. (Tr. 234). Dr. Keating noted Plaintiff had no further seizures. *Id.* Plaintiff's electroencephalography (EEG) was normal and his magnetic resonance imaging (MRI) study demonstrated unremarkable findings. (Tr. 234, 244, 246). Dr. Keating indicated Plaintiff had factors that may have decreased his seizure threshold, which

primarily consisted of alcohol withdrawal and electrolyte disturbance. (Tr. 234).

On June 16, 2011, Plaintiff returned to St. Edward's emergency room with complaints of a seizure. (Tr. 222). Plaintiff was not taking any medication at this time and it was noted a possible cause for the seizure was a change in his alcohol use as he had been drinking beer for about two weeks until trying to quit five days prior. *Id.* Plaintiff's CT scan of his head was normal. (Tr. 225). Plaintiff was placed on Keppra. (Tr. 226). On August 2, 2011, Plaintiff returned to Dr. Keating. (Tr. 232-233). Plaintiff had not had a seizure in the last month and a half after starting Keppra. (Tr. 232). Plaintiff's physical examination of Plaintiff was normal, as was his EEG. (Tr. 232, 265). Dr. Keating diagnosed Plaintiff with spells, probable seizures; mild cognitive impairment; and recommended no driving or operating heavy machinery. (Tr. 233). Dr. Keating also wondered if there was some secondary gain, because Plaintiff had questioned her about long-term disability. *Id*.

On February 16, 2012, Plaintiff returned to see Dr. Keating. (Tr. 268). Plaintiff had not had any seizures since June 2011; had been taking Keppra and tolerating it well; and had no significant drowsiness or dizziness. *Id.* Dr. Keating found Plaintiff had normal strength, a normal gait, and a stable neurologic examination. (Tr. 268). On August 14, 2012, Plaintiff was seen again by Dr. Keating and stated he thought he had experienced two seizures over the last two months, but said no one had witnessed these two seizure episodes. (Tr. 350). Dr. Keating indicated Plaintiff's speech was clear and his neurologic examination was stable. *Id.*

On August 31, 2012, Dr. Keating prepared a report on Plaintiff. (Tr. 338-340). Dr. Keating diagnosed Plaintiff with seizure disorder, but indicated Plaintiff had no significant neurological findings. *Id.* Dr. Keating stated Plaintiff would miss less than one workday per month due to his seizures, and the only work related restrictions were no driving, no operating heavy machinery, and no climbing ladders or scaffolds. *Id.*

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **14th day of April 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE